Filed 10/27/15  P. v. Pletcher CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JESSICA PRINCE, | B260864 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC520646) |
| v. | |
| MITCHELL PLETCHER et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert L. Hess, Judge.  Affirmed.

Herrera & Associates, P.C., Alex H. Herrera, for Plaintiff and Respondent, Jessica Prince.

Long & Delis, John A. Delis, Warren B. Campbell, for Defendants and Appellants, Mitchell Anthony Productions, LLC; Concord Investment Counsel, Inc., and Kyle Aron.

Mitchell Pletcher, In Pro Per, for Defendant and Appellant, Mitchell Pletcher.

INTRODUCTION

Defendants, Mitchell Pletcher, Mitchell Anthony Productions, LLC (the production company), Concord Investment Counsel, Inc. (Concord), and Kyle Aron appeal from an order denying their motion to compel arbitration. (Code Civ. Proc., § 1294, subd. (a) [an order denying a motion to compel arbitration is directly appealable.].) Plaintiff, Jessica Prince, was employed by the production company as a featured vocalist/actress for a theatrical show. She filed a complaint against defendants and others for various causes of action, including violations of the Fair Employment and Housing Act. Defendants moved to compel arbitration, citing an arbitration agreement signed by plaintiff and the production company. Plaintiff filed objections and opposition on various grounds, including the ground that the agreement was unconscionable. In the appeal, defendants contend the agreement is not unconscionable and should be enforced. We affirm the order denying the motion to compel arbitration.

BACKGROUND

A. Plaintiff's Complaint

In a verified complaint filed on September 9, 2013, plaintiff alleges the following. Mr. Pletcher resides in Irvine, California. He is the sole shareholder, a director, and an officer of the production company, a California corporation based in Irvine. Mr. Pletcher is the sole shareholder, a director, and an officer of Concord, a California corporation. Mr. Aron resides in Orange County and is an employee of Concord. He was an officer, the managing director, and the director of marketing of the production company.

Plaintiff was hired by Mr. Pletcher for the position of featured vocalist/actress in a musical theater production called "Beautiful" in Beverly Hills, California. Mr. Pletcher is the owner and producer of the musical. Plaintiff and the production company entered into a written agreement on January 14, 2013, called "Independent Contractor's

2

Agreement" (agreement) concerning plaintiff's services and compensation, which Mr. Pletcher signed on behalf of the production company. Defendants made misrepresentations regarding the legitimacy of the production and false promises regarding compensation and schedules. Defendants breached their obligations, including promises regarding compensation and cast position. The agreement provided plaintiff would be paid by the day, with generally at least five days of work per week for 12 weeks of rehearsal, followed by performances five days per week for 11 weeks. However, plaintiff's rehearsal schedule, and hence her compensation, was substantially cut back. She went for periods as long as one month without being employed or compensated by the production. Mr. Pletcher sexually harassed plaintiff. The musical production was a sham: it was intended to be a tax evasion scheme, not a legitimate production and cast members were sexually harassed under the guise of the production. The music, roles, cast, and script were constantly changing. There were at least four different production dates and the venue changed from theater to theater. Mr. Pletcher had no education in the arts or experience in the production of theater. Mr. Pletcher told the cast no one was permitted to take other jobs. Mr. Pletcher stopped allowing plaintiff to take breaks and required her to dance for eight hours straight. Mr. Pletcher gave plaintiff's role to an understudy on March 14, 2013. Her last paycheck was short $400.

Plaintiff alleges numerous causes of action against defendants, including: violations of the Fair Employment and Housing Act (sexual harassment, sexual harassment quid pro quo, sexual harassment strict liability, failure to prevent harassment, hostile work environment; and disparate impact); intentional infliction of emotional distress; intentional misclassification; unfair business practices; breach of implied covenant of good faith and fair dealing; fraud and intentional deceit; constructive fraud; conspiracy to defraud; intentional and negligent misrepresentation; intentional interference with prospective economic advantage; breach of written and oral contract; breach of contract for failure of consideration or failure to perform; and anticipatory breach. The agreement contained an arbitration provision. Plaintiff alleged the cause of action for breach of written contract was outside the scope of the provision. Further,

3

plaintiff objected to the arbitration provision on the ground it was unconscionable procedurally, due to inequality in bargaining power, and unconscionable substantively, due to the requirement plaintiff arbitrate in expensive federal arbitration and bear her own costs. Further, as plaintiff was not compensated pursuant to the agreement, it was impossible for her to bear the costs.

## B. Motion to Compel Arbitration

### 1. Defendants' Motion

On December 23, 2013, Concord, represented by Mr. Pletcher, filed a motion to compel arbitration and stay the action.[1] The production company, Mr. Pletcher, and Mr. Aron joined the motion. In a memorandum of points and authorities, Concord cited to the arbitration provision in the agreement: "'In the event of any dispute arising under or involving any provision of this Agreement or any dispute regarding claims involving unlawful discrimination and/or unlawful harassment, not arising out of the termination of employment, or the termination of employment (with the exception of . . . any wage and hour matter within the jurisdiction of the California Labor Commissioner), contractor [plaintiff] and the Company agree to submit any such dispute to binding arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et. Seq. [sic], if applicable, or the provisions of Title of Part III [sic] of the California Code of Civil Procedure, commencing at Section 1280 et. seq. . . . if the Federal Arbitration Act does not apply to contractor's employment . . . . '" The provision further provides: "Contractor and the company agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the contractor's employment with the Company or the termination of that employment (with the exception of . . . any wage and hour matter within the jurisdiction of the California Labor Commissioner[.]" "The

---

[1] In substantially the same form, the motion to compel arbitration was filed again on March 12, 2014 by Concord's attorney and again on June 4, 2014.

4

contractor and the Company shall each bear their own costs for legal representation at any such arbitration and the cost of the arbitrator, court reporter, if any, and any incidental costs of arbitration."

Mr. Pletcher contended the arbitration provision applied to all of plaintiff's claims and should be enforced. In a declaration, Mr. Pletcher declared the production company was capitalized through loans provided by Mr. Pletcher and a corporation he owned. When plaintiff and the production company entered into the agreement, Mr. Pletcher warned plaintiff the project was a risky venture. The production company spent and lost over $500,000 on the project. In negotiations concerning the agreement, plaintiff stated she desired to have disputes settled in an economical format.

## 2. Plaintiff's Opposition

Plaintiff filed an opposition on February 18, 2014 and a supplemental opposition on October 2, 2014. She contended the arbitration provision is unconscionable, defendants waived their right to arbitrate by failing to resolve a dispute over arbitrator fees, the agreement is void and against public policy, plaintiff is not subject to the arbitration provision, the claims are not subject to the arbitration provision, and, in the alternative, the claims are independent and should be severed or defendant [sic] is estopped from bringing the motion by a ruling against him on the same motion in the case of *Somers v. Pletcher*, docket no. BC507823. Plaintiff contended the provision was procedurally unconscionable in that it was a standardized contract drafted by Mr. Pletcher, it was presented on a take-it-or-leave-it basis, there were no negotiations regarding the terms of the arbitration provision, the defendants refused to hire plaintiff without plaintiff first agreeing to sign the agreement, and defendants had overwhelming bargaining power. Plaintiff argued the provision is substantively unconscionable because it produces an arbitrator proposed by defendants, the use of JAMS or AAA is precluded, and arbitration costs are apportioned to the employee without regard to the merits of the claim, which prices plaintiff out of the dispute resolution process.

5

In a declaration, plaintiff declared: "When I was hired, I was never given any opportunity to negotiate the terms of my employment agreement. If I refused to sign the contract I was given, I simply wouldn't have gotten the job. The job was presented to me in a take it or leave it fashion; I either take the job, sign the agreement, or I leave. An original agreement was provided to me that did not include an arbitration page. Quickly afterwards, a new and 'revised' agreement was sent to me for signing. The contract was created and drafted by Defendants, and I did not participate in the drafting in any manner whatsoever. Not a single term in the contract was negotiable, nor did I negotiate any. The process of signing the agreement and agreeing to the terms presented were dictator like in that Defendants had overwhelming bargaining power, and I had none. All cast members, including myself[,] were required to sign almost the exact same agreements."

A November 26, 2013 minute order and an August 21, 2014 minute order in *Somers v. Pletcher* and other documents were attached to plaintiff's opposition, which showed that Honorable Robert L. Hess denied similar motions to compel arbitration in a lawsuit against the same parties by another cast member of the project involving the same agreement.[2] On November 26, 2013, Judge Hess ruled that the agreement was procedurally unconscionable as it was presented on a take it or leave it basis and substantially unconscionable in that it did not provide for discovery and required each party to bear one-half of the costs of arbitration without shifting. On August 21, 2014, Judge Hess ruled the plaintiff demonstrated the agreement was procedurally unconscionable as having been presented on a take it or leave it basis as a condition of employment. The court was not persuaded by arguments to the contrary or by the assertion the plaintiff was in an equal or superior bargaining position. The agreement was substantially unconscionable in that the plaintiff would always be required to bear his own legal fees and costs of arbitration and the agreement on its face did not provide unambiguously for discovery.

---

[2] Plaintiff requested judicial notice of motion papers and a minute order in *Somers v. Pletcher*.

6

### 3. Reply to Opposition

Concord, joined by the other defendants, objected to the exhibits attached to plaintiff's opposition and request for judicial notice. They also objected to the entirety of plaintiff's declaration, including on the ground that plaintiff did not declare the declaration to be true under penalty of perjury.

In a reply memorandum of points and authorities, Concord, joined by the other defendants, contended plaintiff failed to demonstrate that: the agreement was sufficiently procedurally or substantively unconscionable to prevent enforcement of the arbitration agreement; the agreement is void or against public policy; or any waiver of the right to arbitrate occurred.

### C. Order Denying Motion to Compel Arbitration

On October 15, 2014, a hearing was held on the motion to compel arbitration. Honorable Robert H. O'Brien presided. There was no court reporter. After hearing argument, Judge O'Brien denied the motion, ruling that the arbitration agreement was procedurally and substantively unconscionable, and denied the request for a stay of proceedings.

DISCUSSION


A.  Adequacy of the Record


Defendants failed to provide a reporter's transcript or suitable substitute (Cal. Rules of Court, rule 8.137[3] [settled statement][4]) of the hearing on the motion to compel arbitration.  A party challenging a judgment or order has the burden of showing reversible error by an adequate record.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)  In the absence of an adequate record on appeal, to establish error the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Ballard v. Uribe, supra*, 41 Cal.3d at pp. 574-575.)

We provided the parties an opportunity to brief the issue of the adequacy of the record.  Defendants responded, explaining "[t]he only oral proceedings were perfunctory arguments on the written motion.  No evidence was submitted or taken at the oral hearing.  The only submissions to the trial court were the papers filed in support of and in opposition to the motion to compel arbitration."  Defendants contend the minute order, which states the reason for the decision, and the clerk's transcript, which contains the moving and opposing papers, are sufficient to render the record adequate for appellate review where, as here, no party relies upon oral argument in the trial court.  Plaintiff responded, stating that, as Mr. Pletcher made a conscious choice to have no record made of the oral proceedings, any inadequacy in the record should be construed against defendants.

We conclude the record is adequate to show whether or not there is reversible error.  The minute order of the proceedings on November 26, 2013 is a sufficient record

---

[3]     Hereinafter, all references to rules refer to the California Rules of Court.

[4]     Rule 8.137(b)(1) provides that an appellant intending to proceed by settled statement must prepare "a condensed narrative of the oral proceedings" for settlement by the trial judge.

of the court's ruling. The papers filed on the motion that were before the court at the hearing are contained in the record. In these circumstances, although lacking a reporter's transcript or settled statement, the record is sufficient for us to be able to review, for substantial evidence, the court's resolution, express or implied, of the disputed facts necessary to support the legal determination that the arbitration agreement was unconscionable. (*Chin v. Advanced Fresh Concepts Franchise Corp.* (2011) 194 Cal.App.4th 704, 708; *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1527 fn. 2.) "'[I]n the absence of indications to the contrary, a general finding includes a finding of all the special facts necessary to sustain it.' [Citations.]" (*Albonico v. Madera Irrigation Dist.* (1960) 53 Cal.2d 735, 741.)

## B. Legal Standards

Both state and federal laws favor enforcement of valid arbitration agreements. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97 (*Amendariz*).) However, courts will not enforce arbitration provisions that are unconscionable or contrary to public policy. (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910-911 (*Sanchez*); *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 246 (*Pinnacle*); *Armendariz*, *supra*, 24 Cal.4th at p. 114.) The party opposing arbitration, in this case plaintiff, bears the burden of proving that an arbitration agreement is unenforceable based on unconscionability. (See *Sanchez, supra,* 61 Cal.4th at p. 911; *Pinnacle*, *supra*, 55 Cal.4th at p. 247.)

"Under California law, courts may refuse to enforce any contract found 'to have been unconscionable at the time it was made,' or may 'limit the application of any unconscionable clause.' Cal. Civ. Code Ann. § 1670.5(a) (West 1985)." (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___, ___ [131 S.Ct. 1740, 1745-1746].)

"'One common formulation of unconscionability is that it refers to "'an absence of meaningful choice on the part of one of the parties together with contract terms which are

9

unreasonably favorable to the other party.'" [Citation.]  As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.'" [*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1133 (*Sonic II*).]  [para.]  "'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' [Citation.]  But they need not be present in the same degree. 'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.]  In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz* [, *supra*, 24 Cal.4th at p. 114].)  Courts may find a contract as a whole "or any clause of the contract" to be unconscionable.  (Civ. Code, § 1670.5, subd. (a).)  [para.]  As we stated in *Sonic II*:  "'The unconscionability doctrine ensures that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as ""'overly harsh'""" (*Stirlen v. Supercuts, Inc.*[, *supra*,] 51 Cal.App.4th [at p.] 1532), "''unduly oppressive'" (*Perdue v. Crocker National Bank* (1985) 38 Cal.3d 913, 925 . . .), "''so one-sided as to "shock the conscience"''" (*Pinnacle*[, *supra*, 55 Cal.4th at p. 246]), or "unfairly one-sided" (*Little [v. Auto Stiegler, Inc.* (2003)] 29 Cal.4th [1064,] 1071 [(*Little)*]).  All of these formulations point to the central idea that unconscionability doctrine is concerned not with "a simple old-fashioned bad bargain" [citation.], but with terms that are "unreasonably favorable to the more powerful party" [citation].  These include "terms that impair the integrity of the bargaining process or otherwise contravene the public interest or public policy; terms (usually of an adhesion or boilerplate nature) that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, fine-print terms, or provisions that seek to negate the reasonable expectations of the nondrafting party, or unreasonably

10

and unexpectedly harsh terms having to do with price or other central aspects of the transaction." [Citation.]' (*Sonic II*, *supra*, 57 Cal.4th at p. 1145.) [¶] . . . [¶] The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." (*Sanchez*, *supra*, 61 Cal.4th at pp. 910-912.)

"'When the weaker party is presented the clause and told to "take it or leave it" without the opportunity for meaningful negotiation, oppression, and therefore procedural unconscionability, are present.' [Citations.]" (*McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 91; accord, *Sanchez*, 61 Cal.4th at pp. 914-915.)

"Unconscionability is ultimately a question of law, which we review de novo when no meaningful factual disputes exist as to the evidence. . . . We review the court's resolution of disputed facts for substantial evidence. . . . When the trial court makes no express findings, we infer that it made every implied factual finding necessary to support its order and review those implied findings for substantial evidence." (*Chin v. Advanced Fresh Concepts Franchise Corp.*, *supra*, 194 Cal.App.4th at p. 708.) "When the validity of an arbitration clause turns on a factual determination[,] '[t]he standard on appeal is whether there is substantial evidence to support the trial court's finding.' [Citation.]" (*Stirlen v. Supercuts, Inc.*, *supra*, 51 Cal.App.4th at p. 1527 fn. 2.)

## C. Fair Employment and Housing Act Claims and Arbitration

"It is indisputable that an employment contract that required employees to waive their rights under the [Fair Employment and Housing Act] to redress sexual harassment or discrimination would be contrary to public policy and unlawful. [¶] [A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the [Fair Employment and Housing Act]." (*Armendariz, supra,* 24 Cal.4th at pp. 100-101; accord, *Ellis v. U.S. Security Associates* (2014) 224 Cal.App.4th 1213, 1220-1221.)

In the context of Fair Employment and Housing Act claims, our Supreme Court required certain protections to prevent such waiver: the arbitration agreement may not

11

limit the damages normally available under the statute (*Armendariz, supra*, 24 Cal.4th at p. 103); there must be discovery sufficient to adequately arbitrate the employee's statutory claim (*id.* at p. 106); there must be a written arbitration decision and judicial review "'sufficient to ensure the arbitrators comply with the requirements of the statute'" (*ibid.*); and the employer must "pay all types of costs that are unique to arbitration" (*id.* at p. 113). (Accord, *Sonic II*, *supra*, 57 Cal.4th at p. 1130; *Little, supra,* 29 Cal.4th at p. 1076.)

Here, the arbitration provision applies to Fair Employment and Housing Act claims.[5] The requirement that plaintiff and the production company shall "bear their own costs for legal representation at any such arbitration and the cost of the arbitrator, court reporter, if any, and any incidental costs of arbitration" abrogates plaintiff's right under the Fair Employment and Housing Act to have the employer pay all costs and fees that are unique to arbitration. This is a violation of public policy as a matter of law. (*Armendariz*, *supra*, 24 Cal.4th at pp. 103, 113; see *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086-1087.)

### D. Unconscionability

#### 1. Procedural Unconscionability

Defendants contend the arbitration provision is not procedurally unconscionable. We disagree.

Substantial evidence supports a finding that the agreement is an adhesive contract and thus oppressive. Plaintiff declared Mr. Pletcher imposed the contract on her and every other cast member, on a take it or leave it basis, as a condition of employment, with no opportunity to negotiate. "The process of signing the agreement and agreeing to the

---

[5] As noted, page 3 of the arbitration agreement provides "arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the contractor's employment with the Company . . . ."

terms presented were dictator like . . . ." (See *Armendariz*, *supra*, 24 Cal.4th at pp. 114-115 [an arbitration agreement imposed on employees as a condition of employment and with no opportunity to negotiate is adhesive].) "[T]he adhesive nature of [a] contract is sufficient to establish some degree of procedural unconscionability." (*Sanchez*, *supra*, 61 Cal.4th at p. 915.) As there is substantial evidence the contract is one of adhesion, the trial court correctly ruled the arbitration provision was procedurally unconscionable.

Moreover, there was evidence plaintiff was induced to enter into the agreement by misrepresentations made by defendants, which further deprived her of an opportunity for meaningful negotiation and choice. The agreement contained express and implied representations that: (1) there was a stage show that was going to be produced, when in fact, according to plaintiff's allegations in the verified complaint, the music, roles, cast, and script constantly changed; (2) Mr. Pletcher, as the producer/director of the production, knew how to produce and direct the show, when in fact he had no experience; (3) plaintiff would be paid for each day she rehearsed and there would normally be five days of rehearsal per week, when in fact plaintiff worked substantially less than that; and (4) the show would open on or about April 12, 2014, when in fact there were at least four different production dates.

As there is substantial evidence the contract is one of adhesion and Mr. Pletcher induced the plaintiff to enter into it by unfair means, the trial court correctly ruled the arbitration provision was procedurally unconscionable.

To the extent defendants contend substantial evidence does not support the ruling because plaintiff's declaration was not executed under penalty of perjury and was untimely and the exhibits were inadmissible, the contentions were forfeited. Defendants raised these objections below. The record does not reflect the trial court ruled on them or indicate defendants asked the court to make a ruling at the hearing. When the record reflects no ruling in the trial court on a party's objection and it does not appear the party prompted the court to make a ruling, we deem the objection forfeited. (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247 [a party's "failure to prompt the court to rule on its request and obtain such a ruling amounted to a forfeiture of its

13

request"]; accord, *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1319; *Mikels v. Rager* (1991) 232 Cal.App.3d 334, 349, fn. 2 ["Normally it is up to the objecting party to obtain a ruling on such objections, and if they fail to do so, the objection will be deemed to have been waived"].)  Defendants forfeited the contention.

## 2.  Substantive Unconscionability

Substantive unconscionability focuses on overly harsh or one-sided results.  (*Sonic II*, *supra*, 57 Cal.4th at p. 1133; *Little*, *supra*, 29 Cal.4th at p. 1071.)  Defendants contend the agreement was not substantively unconscionable.

As noted, the arbitration provision, which applies to Fair Employment and Housing Act claims, violates public policy in that it requires plaintiff to pay costs of arbitration.  An arbitration provision which violates public policy is substantively unconscionable.  (*Sanchez*, *supra*, 61 Cal.4th at p. 911; *Armendariz*, *supra*, 24 Cal.4th at pp. 91; *Wherry v. Award, Inc*. (2011) 192 Cal.App.4th 1242, 1248 ["Elimination of or interference with any of these basic provisions [of the Fair Employment and Housing Act] makes an arbitration agreement substantively unconscionable"]; *Ontiveros v. DHL Express (USA), Inc.* (2008) 164 Cal.App.4th 494, 510.)

Moreover, the arbitration provision requires each party to bear his own costs for legal representation.  This requirement abrogates plaintiff's right to the discretionary recovery of attorney fees as a prevailing party to a Fair Employment and Housing Act claim.  (Gov. Code § 12965, subd. (b) ["In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"].)  "'In [Fair Employment and Housing Act] actions, attorney fee awards, which make it easier for plaintiffs of limited means to pursue meritorious claims [Citation] "are intended to provide 'fair compensation to the attorneys involved in the litigation at hand and encourage[] litigation of claims that in the public interest merit litigation.'" [Citation.]'  (*Chavez v. City of Los Angeles* [(2010)] 47 Cal.4th [970,] 984.)"  (*Trivedi v. Curexo Technology Corp*. (2010) 189 Cal.App.4th 387,

14

394.) As the arbitration provision requires plaintiff to pay her own attorney fees in contravention of her rights under the Fair Employment and Housing Act, the provision is substantively unconscionable. (See *Id.* at pp. 394-396; *Wherry v. Award, Inc.*, *supra*, 192 Cal.App.4th at p. 1249.)

Further, plaintiff stated in the verified complaint that it was impossible for her to pay for arbitration as her rehearsal schedule, and, thus, compensation, was substantially cut back. This indicates the cost provision rendered arbitration unaffordable for plaintiff. As arbitration is the exclusive forum for resolving all disputes and arbitration costs must be shared between the parties, the evidence plaintiff cannot afford to pay costs means the arbitration provision deprives plaintiff of access to any forum in which to adjudicate his claims. (See *Sonic II*, *supra*, 57 Cal.4th at pp. 1144-1145 [" 'it is substantively unconscionable to require a consumer to give up the right to utilize the judicial system while imposing arbitral forum fees that are prohibitively high. Whatever preference for arbitration might exist, it is not served by an adhesive agreement that effectively blocks every forum for the redress of disputes, including arbitration itself.' [Citation.]"].) This is an overly harsh and oppressive result.

Defendants do not contend plaintiff failed to present evidence that arbitration was not affordable at the time the agreement was entered into. (See *Sanchez*, *supra*, 61 Cal.4th at p. 920 ["courts are required to determine the unconscionability of the contract 'at the time it was made.' [Citation.] . . . 'Because a predispute arbitration agreement is an agreement to settle future disputes by arbitration, the proper inquiry is what dispute resolution mechanism the parties reasonably expected the employee to be able to afford. Absent unforeseeable (and thus not reasonably expected) circumstances, there is no reason to think that what an employee can afford when a wage dispute arises will materially differ from the parties' understanding of what the employee could afford at the time of entering the agreement.' (*Sonic II*, *supra*, 57 Cal.4th at p. 1164.)"].)

Even if it could have reasonably been expected at the time of entering into the agreement that plaintiff would be able to afford arbitration, there is evidence events occurred that were not reasonably expected, that rendered arbitration unaffordable when

the disputes arose. The agreement indicated plaintiff would be paid by the day, with a schedule generally of at least five days of work per week. However, Mr. Pletcher cut back the rehearsal schedule and thus plaintiff's pay. This is substantial evidence that unforeseen circumstances occurred such that arbitration costs which may have been reasonably expected to be affordable when the agreement was entered into were not affordable at the time of the dispute.

The trial court correctly concluded the arbitration provision is unconscionable.

E. Request for Alternative Relief

Defendants request that, if we find the arbitration provision is unconscionable, we sever any unconscionable portions and enforce the remainder.[6] Alluding to an issue but failing to brief it with any specificity forfeits the issue. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 [appellant "provides no argument or citation to authority in support of [the] contention. We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived. [Citation]; see also Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in a brief must be supported by 'argument and, if possible, by citation of authority'"].)]; *St. Sava Mission Corp. v. Serbian Eastern Orthodox Diocese* (1990) 223 Cal.App.3d 1354, 1372, fn. 6.) Defendants provide no argument or citation to authority supporting the contentions that severance should be ordered and we should make the order. Accordingly, it appears defendants forfeited the contention by alluding to the issue but not briefing it with any specificity.

---

[6]     Civil Code, section 1670.5 provides: "(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."

16

DISPOSITION

The order denying the motion to compel arbitration is affirmed.  Plaintiff, Jessica Prince, may recover her appeal costs from defendants Mitchell Pletcher, Mitchell Anthony Productions, LLP, Concord Investment Counsel, and Kyle Aron.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIRSCHNER, J.[*]

We concur:

KRIEGLER, Acting P.J.

BAKER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.