Filed 3/18/22; Certified for Publication 4/11/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSE MERCED NUNEZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CYCAD MANAGEMENT LLC, <br><br> Defendant and Appellant. | B306986 <br><br> (Los Angeles County Super. Ct. No. 19STCV30365) |

 APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

 David Weiss Law and Nicholas A. Weiss for Defendant and Appellant.

 Alireza Alivandivafa; Light Law Group and Azad M. Marvazy for Plaintiff and Respondent.

_____

Appellant Cycad Management LLC moved to compel arbitration of respondent Jose Merced Nunez's lawsuit. (Code Civ. Proc., § 1281.2.) In support of the motion, Cycad offered a "Mutual Arbitration Agreement" (Agreement). The trial court found the Agreement unconscionable and refused to enforce it.

Substantial evidence supports factual findings that the Agreement is adhesive because it was presented to Nunez as a nonnegotiable condition of his employment. It is procedurally unconscionable because it was given to Nunez in English, which he cannot read, without adequate explanation or a fee schedule. It is substantively unconscionable because it allows the arbitrator to shift attorney fees and costs onto Nunez and drastically limits his ability to conduct discovery. We affirm the denial of Cycad's motion to compel arbitration.

## FACTS AND PROCEDURAL HISTORY

Cycad hired Nunez as a gardener in 2018. It required him to sign the Agreement, which mandates arbitration of "all disputes between Employee and Company relating, in any manner whatsoever, to the employment or termination" of the employee. It encompasses wage, tort, statutory, discrimination, and contract claims. It limits discovery to "three depositions and an aggregate of thirty (30) discovery requests of any kind, including sub-parts."

Nunez filed suit on August 27, 2019.[1] Cycad answered the complaint and initiated discovery. In April 2020, Cycad's attorney

---

[1] The complaint is not in our record. Cycad states that Nunez asserts claims for battery; assault; violation of the Ralph Civil Rights Act of 1976 (Civ. Code, § 51.7); violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1); failure to provide a safe workplace; violation of right to protection from bodily harm; violation of the Whistleblower Protection Act; violations of Labor Code sections 201–203, 1198.5, and 6310; infliction of emotional distress; and wrongful termination in violation of public policy. Defendant Bassam Alghanim joined Cycad's motion to arbitrate but did not appeal. Defendant Wennington Corporation, N.V. did not join the motion or file a notice of appeal.

found the Agreement and demanded arbitration.  Nunez rebuffed the demand, asserting that Cycad waived its right to arbitrate; that he did not sign the Agreement or signed without informed consent; and the Agreement is unconscionable.

Cycad filed a motion to stay the litigation and compel arbitration, asserting that the Agreement is enforceable, covers the dispute and is not unconscionable.  It argued that it did not waive arbitration by answering the complaint or serving discovery requests.

In opposition, Nunez's counsel declared that arbitration is "an unfair forum" for employees.  Moreover, Cycad served discovery requests that far exceed the limit imposed in the Agreement.  Cycad did not prove the existence of an arbitration agreement:  The signature page is separate from the rest of the Agreement, which was not authenticated.  The Agreement is unconscionable because it is adhesive and is in a language (English) that Nunez cannot read.

Nunez declared that he is "a native Spanish speaker with limited spoken English skills and an even more limited ability to read and write in English."  He speaks only Spanish at home.  Cycad presented him "with a bunch of documents to sign, rushed, while I was working, where I was told that the documents simply referred to a change of company."  Nunez had no opportunity to review the documents or idea they included a waiver of his right to sue his employer.  He declared, "I could not understand the documents that were provided in English, as I could not read or understand English well enough to understand such documents, a fact that the Defendants were unquestionably aware of" because they used bilingual coworkers to translate work orders and requests for him and gave him language lessons with a tutor.

Nunez declared that the documents were forced on him by manager Dilip Rodrigo, whose assistant told Nunez in Spanish "that I should sign the documents, or my employment would be terminated."  Nunez did not receive a copy of the documents, "which could have allowed me to translate them at home" with the help of family members, and "[t]here was never a meeting where the concept and content of the documents, including the alleged arbitration agreement,

3

were explained to me in English or Spanish."  No one gave him the American Arbitration Association (AAA) rules, which govern the Agreement.  He believed he "had no choice but to sign these documents in order to have and keep [his] job."

In reply, Rodrigo declared that he handed Nunez an offer of employment that referred to the Agreement.  He did not tell Nunez to sign the documents immediately or be terminated.  Instead, he instructed Nunez to take the documents home.  Nunez returned the signed employment offer and Agreement 12 days later, and never asked Rodrigo to explain any part of them.  Rodrigo does not state that he gave Nunez a copy of the AAA rules and fee schedule.

Cycad cited Rodrigo's declaration to prove Nunez was not rushed or forced to sign the Agreement without having a chance to understand its contents.  The Agreement is not unconscionable because Nunez had time to seek translation of it into Spanish by his family or bilingual employees at Cycad.

### The Court's Ruling

The court issued a written ruling on July 6, 2020.  It acknowledged a strong public policy favoring arbitration and found Cycad proved the existence of an arbitration agreement bearing Nunez's signature agreeing to submit all disputes, claims, or controversies arising from his employment to arbitration.  It rejected Nunez's claim questioning his signature because it is on a separate page from the body of the Agreement.

The court determined that the Agreement is procedurally unconscionable because it "was presented to Plaintiff in a manner that renders it a contract of adhesion, oppression and surprise, especially due to unequal bargaining power."  Cycad drafted it and "no evidence suggests that employees could either reject or negotiate the terms of the provision," which was "a condition of Plaintiff's employment."  Further, "despite knowing Plaintiff was not proficient in English, Cycad did not explain the arbitration provision in Spanish or provide a Spanish-language copy of it," which constitutes oppression and surprise.  "Cycad failed to draw Plaintiff's attention to the arbitration

4

provision or explain its import" and "[t]here is inadequate evidence that Plaintiff was instructed to ask questions or seek assistance."

The court found substantive unconscionability because the Agreement "unfairly assigns arbitration fees and costs to Plaintiff and imposes limitations on discovery." It "does not limit the amount of arbitration fees or provide for waiver of fees" if they are unaffordable. Discovery limitations work to the advantage of employers, who possess most of the evidence, and curtail employees' ability to substantiate claims.

The court concluded, "In light of the pervasiveness of the unconscionable provisions related to arbitration and the fact that the purported scope of the arbitration provisions exceeded the plaintiff's reasonable expectations, there are no isolated provisions that can be severed and the arbitration provisions as a whole are unenforceable." The court denied the motion to compel arbitration.

## DISCUSSION

### 1. Appeal and Review

"Arbitration is favored in this state as a voluntary means of resolving disputes, and this voluntariness has been its bedrock justification." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 115 (*Armendariz*).) Arbitration agreements are "valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (Code Civ. Proc., § 1281.) The court may refuse to enforce an unconscionable contract. (Civ. Code, § 1670.5.) The denial of a petition to arbitrate is appealable. (Code Civ. Proc., § 1294, subd. (a).)

"The unconscionability of an arbitration agreement is a question of law that we review de novo, applying general principles of California contract law to determine the agreement's enforceability. (*Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 82 [(*Carmona*)].) To the extent the trial court relied on contested facts in making its determination, we review the court's factual determinations for substantial evidence. (*Ibid.*) We will only reverse a trial court's refusal to sever any unconscionable portions upon a showing of abuse of

5

discretion." (*Dougherty v. Roseville Heritage Partners* (2020) 47 Cal.App.5th 93, 102.)

## 2. Unconscionability

"Unconscionability analysis begins with an inquiry into whether the contract is one of adhesion. [Citation.] 'The term [contract of adhesion] signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' [Citation.] If the contract is adhesive, the court must then determine whether 'other factors are present which, under established legal rules—legislative or judicial—operate to render it [unenforceable].' " (*Armendariz, supra*, 24 Cal.4th at p. 113.)

To declare an agreement unenforceable, a court must find both procedural *and* substantive unconscionability. Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power; substantive unconscionability looks at overly harsh or one-sided results. (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1243; *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 340.)

### a. Procedural Unconscionability

Cycad has superior bargaining power over gardeners who work for it. It drafted the Agreement and presented it to Nunez as a condition of employment, on a take it or leave it basis. Cycad concedes the Agreement is a contract of adhesion but claims there is " 'no other indication of oppression or surprise' " and Nunez had "ample time" to review the contract, ask questions, and have his family or Cycad translate it to Spanish.

By contrast, Nunez declares that he had no opportunity to review the Agreement, which was forced on him in a rush while he was working. He was told the English-language Agreement involved a change of company, not that it waived his right to a jury trial, and was instructed to sign it or be fired. (Compare to *Alvarez v. Altamed Health Services Corp.* (2021) 60 Cal.App.5th 572, 591 [arbitration contract was

6

mailed to plaintiff before she began employment with defendant, she had time to review it and did not claim inability to read English].)

The trial court resolved the facts against Cycad. When the court weighs conflicting declarations, we defer to its factual determinations; we have no authority to make new credibility findings. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)

The court found the Agreement "was presented to [Nunez] in a manner that renders it a contract of adhesion, oppression and surprise." Circumstances showing oppression include (1) the amount of time an employee is given to consider a contract; (2) the pressure exerted on him to sign it; (3) its length and complexity; (4) his education and experience; and (5) whether he had legal assistance. (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 126–127.) Significant oppression is shown when, as here, an arbitration agreement is presented to an employee while he is working, along with other documents, neither its contents nor its significance are explained, and the employee is told he must sign the agreement to keep his job. (*Id.* at p. 127.)

The court found it unconscionable that "despite knowing Plaintiff was not proficient in English, Cycad did not explain the arbitration provision in Spanish or provide a Spanish-language copy of it." Procedural unconscionability arises when an arbitration agreement "was neither provided in a Spanish-language copy nor explained to respondents who did not understand written English." (*Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 209 (*Penilla*).)

It is undisputed that Nunez does not read English and Cycad did not provide a Spanish version of the Agreement. The Agreement is seven pages long and the AAA rules attached to the motion to compel are 41 single-spaced pages. It is untenable for Cycad to argue that Nunez's family or a coworker could translate 48 pages of legalese into Spanish while Nunez listened to a translation that might not be correct, depending on the proficiency of the translator. (See *Carmona, supra,* 226 Cal.App.4th at p. 85 [arbitration clause was unconscionable

7

where it was not translated into Spanish for employees who did not read English].)

Rodrigo handed Nunez the Agreement without explaining its import. It allows the arbitrator to award attorney fees to the prevailing party and to allocate between the parties the cost of filing, administrative, and arbitrator's fees. The potential cost of the arbitration was an unknown surprise to Nunez because Cycad failed to provide the AAA fee schedule. Failure to provide documentation of arbitration fees supports a finding of unconscionability because it causes surprise. (*Penilla, supra,* 3 Cal.App.5th at p. 217.)

Cycad's failure to provide a Spanish version of the Agreement or a fee schedule shows oppression and surprise amounting to procedural unconscionability. Cycad insists that Nunez was not rushed into signing the Agreement or face termination, but the court did not believe Cycad's claim.

### b. Substantive Unconscionability

Substantive unconscionability examines the fairness of a contract's terms to ensure that a contract of adhesion does not impose terms that are overly harsh, unduly oppressive, or unfairly one-sided. (*OTO, L.L.C. v. Kho, supra,* 8 Cal.5th at pp. 129–130.) The court focuses on terms that unreasonably favor the more powerful party, impair the integrity of the bargaining process, contravene public interest or policy, or attempt to impermissibly alter fundamental legal duties. This includes unreasonable or harsh terms or ones that undermine the nondrafting party's reasonable expectations. (*Id.* at p. 130.) Where there is substantial procedural unconscionability, "even a relatively low degree of substantive unconscionability may suffice to render the agreement unenforceable." (*Ibid.*) This is particularly true if an employer used "deceptive or coercive" tactics. (*Id.* at pp. 125–126.)

Substantive aspects of the Agreement militate against enforcement, when combined with unfair and deceptive tactics of giving Nunez an English contract and misrepresenting its contents.

The Agreement enables the arbitrator to impose on Nunez all attorney fees plus filing, administrative, and arbitrator's fees. When

employment is conditioned on mandatory arbitration, the employee cannot be forced to pay costs that would not be incurred if the case were litigated in court. (*Armendariz, supra*, 24 Cal.4th at pp. 110–111.) Absent the Agreement, Nunez could litigate without the prospect of paying Cycad's attorney fees.

Nunez alleges violations of civil rights laws. (See fn. 1, *ante*.) They confer unwaivable statutory rights and prohibit an arbitrator's imposition of attorney fees and costs because it would deter the filing of hate crimes claims. (*D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 839.) By empowering the arbitrator to impose arbitration and attorney fees on the losing party, the Agreement violates *Armendariz*. (*Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1248–1249 (*Wherry*).)

The Agreement limits discovery to "three depositions and an aggregate of thirty (30) discovery requests of any kind, including sub-parts." This places an employee "at a disadvantage in proving her claim while [the employer] is likely to possess many of the relevant documents and employ many of the relevant witnesses," unfairly preventing Nunez from vindicating statutory claims. (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 717; *Kinney v. United Healthcare Servs.* (1999) 70 Cal.App.4th 1322, 1332 [because an employer "is presumably in possession of the vast majority of evidence that would be relevant to employment-related claims against it, the limitations on discovery, although equally applicable to both parties, work to curtail the employee's ability to substantiate any claim"]; *De Leon v. Pinnacle Property Management Services, LLC* (2021) 72 Cal.App.5th 476, 487–488 [arbitration provision in employment contract limiting parties to 20 interrogatories and three depositions was unfair to employee].)

### 3. Severability

A court may sever unconscionable provisions and enforce the remainder of the agreement, or it may "refuse to enforce the contract." (Civ. Code, § 1670.5, subd. (a).) The interests of justice govern severance. (*Armendariz, supra*, 24 Cal.4th at p. 124.) "[M]ultiple defects indicate a systematic effort to impose arbitration on [a weaker

9

party] . . . as an inferior forum that works to [the stronger party's] advantage." (*Ibid*.)

Cycad presented Nunez with an arbitration agreement in a language he cannot read, misrepresented the nature of the document, denied him an opportunity to review it, included unfair and onerous provisions limiting discovery, and chilled his ability to claim civil rights violations by dangling the financial risk of paying Cycad's attorney fees if he loses.

Though public policy generally favors arbitration, "when the agreement is rife with unconscionability, as here, the overriding policy requires that the arbitration be rejected (*Armendariz, supra*, 24 Cal.4th at p. 127)." (*Wherry, supra,* 192 Cal.App.4th at p. 1250.) Eliminating unfair clauses in the Agreement cannot save it: Nunez never knew what he signed in the first place, having done so under compulsion, threatened with termination if he failed to sign a document in a foreign language on the spot. The Agreement is not a *voluntary* means of resolving disputes between the parties. (*Armendariz*, at p. 115.) Accordingly, we decline Cycad's invitation to remand the case for reconsideration due to "changed circumstances."[2]

---

[2] Given our conclusion that the Agreement is unconscionable, we do not reach Nunez's contentions that it is not properly authenticated, lacks mutual consent, or that third party defendants did not sign it and Cycad waived arbitration by failing to promptly invoke it. The trial court made no factual findings on these issues.

## DISPOSITION

The order denying appellant's motion to compel arbitration is affirmed.  Appellant to bear all costs on appeal.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| JOSE MERCED NUNEZ, | B306986 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV30365) |
| v. | |
| CYCAD MANAGEMENT LLC, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | |

THE COURT:

The opinion filed in the above-entitled matter on March 18, 2022, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.



LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.