Filed 4/10/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SUBCONTRACTING CONCEPTS (CT), LLC, et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> CHAFIE GABRIEL PEREIRA MOREIRA DE MELO, <br><br>     Defendant and Respondent; <br><br> DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, <br><br>     Intervener and Respondent. | A152205 <br><br> (San Francisco City and County Super. Ct. No. CPF17515526) |

Subcontracting Concepts CT, LLC (SCI); Jesus Fernando Gonzalez; and Pedro Luesch (collectively appellants) appeal from the trial court's order denying their petition to compel arbitration and stay proceedings, brought against Chafie Gabriel Pereira Moreira De Melo (respondent) in this matter arising from respondent's administrative wage claim, filed with the California Labor Commissioner, against appellants. On appeal, appellants challenge the trial court's findings that the arbitration agreement between SCI and respondent was (1) procedurally and substantively unconscionable, and (2) so permeated with unconscionability that severance of the unconscionable terms was not possible. We shall affirm the court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Respondent was hired by Express Messenger Systems, Inc., doing business as OnTrac (OnTrac) and SCI in June 2014, at which time he signed SCI's "Owner/Operator

1

Agreement" (Agreement).[1]  The Agreement is five pages long, typed in small font, and made up of 27 numbered clauses, including the arbitration clause at issue here, which is the 26th clause.

The arbitration clause provides that if the parties are unable to negotiate and settle a dispute, disputes "within the jurisdictional maximum for small claims will be settled in the small claims court where the Owner / Operator resides.  [¶] All other disputes, claims, questions, or differences beyond the jurisdictional maximum for small claims courts within the locality of the Owner / Operator's residence shall be finally settled by arbitration in accordance with the Federal Arbitration Act [(FAA)].

"Neither you nor SCI shall be entitled to join or consolidate claims in arbitration by or against other individuals or entities, or arbitrate any claim as a representative member of a class or in a private attorney general capacity.

"The arbitration panel shall be made up of three (3) people.  Each party shall choose one arbitrator that will serve on the panel in a non-neutral capacity.  The two chosen arbitrators will select a third arbitrator who will be neutral.  If the chosen arbitrators are unable to select a third arbitrator within ten (10) days of their selection, a third arbitrator shall be appointed by the American Arbitration Association.  Each arbitrator shall have experience in the transportation industry and have a legal background.

"Consistent with the expedited nature of arbitration, each party will upon written request of the other party promptly provide copies of any relevant documents necessary to support any claim or defense.  All parties shall have the discretion to examine up to three (3) witnesses per party.  Each deposition shall be limited to a maximum of two (2) hours.  Any objections based on privilege and/or confidential information will be reserved for arbitration.  The arbitration and any discovery prior to the arbitration will

---

[1] Respondent signed the same Agreement on two subsequent dates, in April and July 2016.

take place in a location convenient to both parties. The parties may submit briefs in lieu of any formal gathering for arbitration.

"The arbitrators will have authority to award actual monetary damages only. No punitive or equitable relief is authorized. All parties shall bear their own costs for arbitration and no attorney's fees or other costs shall be granted to either party.

"The arbitrator's decision shall be final and legally binding and judgment may be entered thereon."[2]

The evidence of the circumstances surrounding respondent's hiring and signing of the Agreement is as follows. Respondent answered an ad and went to an OnTrac/SCI warehouse, where he was told he had to sign employment documents "on the spot" to get a job and be matched with a supervisor. Respondent needed a job and felt he had to sign the documents. Respondent's native language is Portuguese, and he is not fluent enough in English to fully understand documents written in English. No one asked if he wanted the documents translated into Portuguese and no one explained the documents to him in detail in either English or Portuguese.

Respondent was not given time to carefully review the employment documents at the warehouse and no one told him he could have an attorney review the documents or that he could negotiate their terms before he signed them. Nor did anyone tell him about any rights he might be giving up by signing the documents. He did not know and was not told that New York law applied to the documents or that he would be forced to go to arbitration in case of an employment-related dispute. He "did not know or understand the meaning or purpose of arbitration, the rules and procedures related to arbitration, that [he] would have to pay the cost of arbitration, or that [he] was giving up payments of attorneys' fee[s] and penalties by going to arbitration." When he signed the employment documents, he was not given rules for the American Arbitration Association or any other arbitration association.

---

[2] The 23rd clause of the Agreement states that the Agreement "shall be governed by the laws of the State of New York."

3

On January 26, 2017, respondent filed an administrative wage claim with the Labor Commissioner against OnTrac, SCI, Gonzales, Luesch, and Marilucy Soare, alleging that he was employed by these entities and individuals and seeking unpaid overtime, meal, and rest period wages, reimbursement of unlawful wage deductions and business expenses, as well as statutory penalties for failing to provide accurate itemized wages statements, unpaid sick leave, and statutory waiting time penalties.  (See Lab. Code, §§ 203, 226, 2802.)[3]

On March 14, 2017, SCI, Gonzales, and Luesch filed a petition to compel arbitration and stay proceedings.[4]  On May 9, the court granted the Labor Commissioner's application for leave to intervene and appear in the matter.

On May 31, 2017, following a hearing, the court issued an order denying the petition to compel arbitration and stay the proceedings after finding that the arbitration clause was both procedurally and substantively unconscionable and that severance of the substantively unconscionable provisions was not possible because the arbitration clause was permeated with unconscionability.  Also on May 31, 2017, respondent's counsel served notice of entry of order on appellants' counsel and the Labor Commissioner.

On July 28, 2017, appellants filed a notice of appeal.

On October 31, 2018, we granted the Labor Commissioner's unopposed request for judicial notice of materials from the Labor Commissioner's website from 2014 and 2018, that provide detailed instructions on how to file a wage claim and regulations governing hearings held by the Labor Commission pursuant to section 98.  (See Cal. Code Regs., tit. 8, §§ 13500–13520.)

---

[3] All further statutory references are to the Labor Code unless otherwise indicated.

Filing this claim was respondent's first step in obtaining what is known as "a Berman hearing, a dispute resolution forum established by the Legislature to assist employees in recovering wages owed." (*Sonic-Calabasas A., Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1126 (*Sonic II*); see §§ 98–98.8.)

[4] OnTrac and Marilucy Soares, defendants in the Labor Commission claim, did not join in the filing of the petition to compel arbitration.

4

## DISCUSSION

Appellants challenge the trial court's findings that the arbitration clause in the Agreement between SCI and respondent is (1) procedurally and substantively unconscionable, and (2) so permeated with unconscionability that severance of the unconscionable terms was not possible.

## I. *Unonscionability*

"The doctrine of unconscionability ' " 'refers to " 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' " ' " ' [Citations.] There is both a procedural and substantive aspect of unconscionability; the former focuses on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results. [Citation.]

' "Both procedural and substantive unconscionability must be present for the court to refuse to enforce a contract under the doctrine of unconscionability although ' "they need not be present in the same degree." ' [Citation.] Essentially the court applies a sliding scale to the determination: ' "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." ' " ' [Citation.] Absent conflicting evidence, the trial court's unconscionability determination is a question of law subject to de novo review. [Citations.]" (*Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042, 1063 (*Ramos*); see also *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 113–114 (*Armendariz*).)[5]

---

[5] Respondent asserts that the proper standard for reviewing a court's unconscionability determination is abuse of discretion. In this case, however, where the material facts are not in dispute, we conduct independent review. (See *Ramos*, *supra*, 28 Cal.App.5th at p. 1063.) As we shall discuss, in part I.A., *post*, of this opinion, the sole underlying factual dispute between the parties—whether respondent was an employee of SCI or an independent contractor—is not material to the question of unconscionability.

**A.** *Applicability of California Law Applying the Unconscionability Doctrine to Arbitration Agreements in the Employment Context*

Although the Agreement states that respondent is an independent contractor, his administrative wage claim is based on the contention that he was misclassified as an independent contractor, and was instead an employee, entitled to certain protections under the Labor Code. Appellants devote much of their briefing to the argument that California law regarding unconscionability in the employee/employer context is inapplicable here because respondent was an independent contractor. According to appellants, as an independent contractor, respondent falls somewhere between an employee and a consumer for purposes of determining unconscionability, and is not entitled to the level of protections given to employees under California law. (Compare *Armendariz*, *supra*, 24 Cal.4th 83 [addressing unconscionability in employment context] with *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899 [addressing unconscionability in consumer context].)[6] We disagree.

In *Ramos*, *supra*, 28 Cal.App.5th at page 1046, the trial court granted a law firm's motion to compel arbitration after Ramos, an " 'Income Partner' " at the firm, brought a Fair Employment and Housing (FEHA) claim. On appeal, the parties disputed whether *Armendariz* applied to the arbitration clause in the parties' partnership agreement, with the law firm contending it did not because Ramos was not an employee. (*Ramos*, at pp. 1055–1056.)

Division One of this District found "it unnecessary to resolve the question of whether Ramos was an employee" for purposes of "deciding whether the parties' arbitration agreement [was] enforceable," concluding that *Armendariz* should guide its arbitrability determination because, inter alia, the law firm "was in a superior bargaining

---

[6] In their briefing, in support of their argument that respondent should not be considered an employee for purposes of analyzing his unconscionability claims, appellants repeatedly refer to him as "an owner-operator of his own big rig." There is absolutely no evidence in the record to support this assertion; we will therefore disregard it.

6

position vis-à-vis [the partner] akin to that of an employer-employee relationship, and there is no evidence in this record that Ramos had an opportunity to negotiate the arbitration provision." (*Ramos*, *supra*, 28 Cal.App.5th at p. 1056.)[7]

Likewise, in *Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1249 (*Wherry*), the appellate court applied *Armendariz's* requirements in finding unconscionable an arbitration agreement between the parties even though the plaintiffs were independent contractors. In its analysis of substantive unconscionability, the court stated: "That plaintiffs are independent contractors and not employees makes no difference in this context. The contract by which they were to work for defendants contained a mandatory arbitration provision."

In this case, in which there plainly was a power imbalance between the parties, respondent was required to sign an agreement containing a mandatory arbitration provision, and the underlying claims involve whether respondent was an employee or an independent contractor, we find it both unnecessary and inappropriate to resolve the question of whether respondent was an employee for purposes of our unconscionability determination under California law. (See *Ramos*, *supra*, 28 Cal.App.5th at p. 1056 & fn. 6; *Wherry*, *supra*, 192 Cal.App.4th at p. 1249.)[8]

---

[7] The *Ramos* court observed that it may also be *inappropriate* for it to decide whether Ramos was a partner or an employee since that question "goes to the heart of this lawsuit and the validity of her FEHA and related employment claims," and "[i]n deciding arbitrability, a court does not resolve the merits of the underlying claims. [Citation.]" (*Ramos*, *supra*, 28 Cal.App.5th at p. 1056, fn. 6.)

[8] Appellants rely on *Performance Team Freight Systems, Inc. v. Aleman* (2015) 241 Cal.App.4th 1233, 1237 (*Performance Team*), in support of their argument that because respondent is an independent contractor, California law regarding unconscionability in the employment context does not apply. Appellant's reliance on *Performance Team* is misplaced. The issue there was whether truck drivers were employees or independent contractors for purposes of determining whether they were "transportation workers" who were exempt from arbitration under section 229. (*Performance Team*, at p. 1243.) This has nothing to do with the issue we address in this case: whether the arbitration provision signed by appellants and respondent was unconscionable. With respect to that issue, the *Performance Team* court found only that

7

**B.** *Procedural Unconscionability*

" ' "The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, ' "which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." ' " [Citation.]' " (*Sonic II*, *supra*, 57 Cal.4th at p. 1132; accord, *Armandariz*, *supra*, 24 Cal.4th at pp. 114–115 [when an arbitration agreement is imposed on an employee as a condition of employment and there is no opportunity to negotiate, arbitration agreement is adhesive].)

In the present case, the trial court found that the arbitration clause was procedurally unconscionable in that SCI "presented the adhesive contract in a take-it-or-leave-it manner and respondent . . . , whose English skills are limited, was asked to sign it 'on the spot.' [Citation.] Paragraph 26 of the Agreement refers to the American Arbitration Association, but the Agreement does not clearly state what rules will govern the arbitration proceedings and [respondent] was never provided with a copy of the governing rules. . . ." Appellants "concede[] that, for purposes of this appeal, [the trial court's] finding of a 'moderate level' [of] procedural unconscionability was not made in error."

We agree with the trial court and the parties that the arbitration clause was procedurally unconscionable.

First, the Agreement containing that clause was adhesive in that it was imposed on respondent "as a condition of employment" and with "no opportunity to negotiate." (*Armendariz*, *supra*, 24 Cal.4th at p. 115 ["in the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after

_____

the truck drivers had not submitted any evidence of procedural unconscionability and, for that reason only, found that the agreement could not be deemed unenforceable due to unconscionability. Whether or not the drivers were independent contractors had no bearing on the court's consideration of unconscionability. (*Id.* at pp. 1247–1248.) Indeed, in addressing the issue, the court cited *Armendariz* and other employment cases in finding that the subject agreements contained terms that would support a finding of substantive unconscionability. (*Performance Team*, at p. 1247.)

employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement"].)[9]

Second, respondent, who was not fluent enough in English to fully understand legal documents written in English, did not understand what arbitration was and no one explained to him the meaning of any of the 27 clauses in the five-page Agreement, including the arbitration clause. (See *Samaniego v. Empire Today LLC* (2012) 205 Cal.App.4th 1138, 1142, 1145–1146 [finding procedural unconscionability where workers who spoke English as a second language were required to sign an 11-page single-spaced agreement written in English, which was "riddled with complex legal terminology" and in which arbitration provision was set forth in 36th of 37 sections].)

Third, the arbitration clause referred to the American Arbitration Association, but did not clearly state what rules would govern arbitration, nor was respondent provided with a copy of the governing rules. (See *Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 245 [level of oppression is increased when "the employer not only fails to provide a copy of the governing rules, but also fails to clearly identify which rules will govern so the employee could locate and review them"]; compare *Baltazan v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1246 [no increased showing of procedural unconscionability where arbitration agreement set forth rules that would govern arbitration, but copy of rules was not provided].)

Having determined that the arbitration clause contains at least a moderate level of procedural unconscionability, we will consider whether the clause is also substantively unconscionable.

---

[9] Moreover, that respondent apparently electronically signed the same Agreement twice in later years does not change our conclusion that he was required to sign the Agreement if he wanted to work for SCI and that the Agreement was non-negotiable. (See *Ramos*, *supra*, 28 Cal.App.5th at p. 1058, fn. 7 ["the fact that Ramos had 30 days to sign the Partnership Agreement and was able to talk with someone about it does not demonstrate the arbitration provision was negotiable"].)

### C. *Substantive Unconscionability*

" 'Substantive unconscionability addresses the fairness of the term in dispute. [It] "traditionally involves contract terms that are so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms." [Citation.]' " (*Wherry*, *supra*, 192 Cal.App.4th at p. 1248.)

The court found the arbitration clause substantively unconscionable because "[t]he Agreement requires the parties to share the costs of arbitration and such costs are often prohibitively expensive and pose a barrier for an alleged employee such as [respondent] to vindicate his legal rights. [Citation.] The Agreement not only precludes [respondent] from taking advantage of the relatively inexpensive remedy of a hearing before the Labor Commissioner, it also bars representative and private attorney general claims. The arbitration Agreement also bars the recovery of punitive damages, statutory penalties, equitable relief, and attorney's fees, which deprives [respondent] of statutory remedies."

We agree with the trial court that the arbitration clause contains numerous substantively unconscionable provisions.

As a preliminary matter, appellants argue that certain provisions in the arbitration clause, including the bar to recovery of attorney fees and the Private Attorneys General Act (PAGA) waiver, cannot be found unconscionable because respondent has not attempted to pursue those claims or remedies in his administrative wage claim. The question in determining unconscionability, however, does not involve comparing the terms of the arbitration clause with the non-arbitration claims respondent is pursuing. Rather, under Civil Code section 1670.5, subdivision (a), we review the arbitration clause for substantive unconscionability at the time the agreement was made. (See *Sonic II*, *supra*, 57 Cal.4th at p. 1134 [" 'In determining unconscionability, our inquiry is into whether a contract provision was 'unconscionable at the time it was made" ' "].)

Turning to the provisions in question, first, the arbitration clause requires respondent to bear his own costs for arbitration. As the Labor Commissioner points out in her briefing, "it is fair to assume that the cost [to respondent] would be substantial given that the Agreement requires three arbitrators, each having both a transportation and

legal background." The trial court correctly found that this term was substantively unconscionable. (See *Armendariz, supra*, 24 Cal.4th at pp. 110–111 ["when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court"].)

Second, the clause bars respondent from recovering any attorney fees or other costs. Our Supreme Court has "held that the FAA does not require enforcement of a provision in an arbitration agreement that, in violation of generally applicable California contract law, 'limit[s] statutorily imposed remedies such as punitive damages and attorney fees.' [Citation.]" (*McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 963, quoting *Armendariz, supra*, 24 Cal.4th at p. 103.)

Third, the arbitration clause states that the arbitrators "have authority to award actual monetary damages only. No punitive or equitable relief is authorized." Under these provisions, respondent is barred from seeking statutory remedies, including punitive damages, statutory penalties, and equitable relief. This would preclude respondent from pursuing statutory penalties against SCI for (1) failing to provide accurate itemized wage statements pursuant to section 226 and (2) failing to timely pay all wages upon his separation from employment pursuant to section 203.[10] These Labor Code provisions cannot "in any way be contravened or set aside by a private agreement." (§ 219, subd. (a).) Hence, like the provision precluding an award of attorney fees, this limitation

---

[10] Appellants state that these provisions are "admittedly ambiguous" on the availability of statutory penalties, but assert that such ambiguity must be interpreted "in a fashion that would uphold [their] validity." (Citing Civ. Code, § 1643 ["A contract must receive an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties"]; Civ. Code, § 3541 ["An interpretation which gives effect is preferred to one which makes void"].) These provisions are not ambiguous, however. They clearly provide that only actual monetary damages, not statutory penalties such as those discussed in the text, *ante*, are recoverable under the arbitration clause.

improperly "undermine[s] statutory protections" to which respondent would otherwise be entitled. (*Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138, 1147; see Civ. Code, § 3513 ["a law established for a public reason cannot be contravened by a private agreement"]; see also *McGill v. Citibank, N.A.*, *supra*, 2 Cal.5th at p. 963; *Armendariz*, *supra*, 24 Cal.4th at p. 103.)[11]

Fourth, the clause improperly bars respondent from arbitrating any PAGA claims. Our Supreme Court has held that "an employee's right to bring a PAGA action is unwaivable." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 383, citing §§ 2699, 2699.3.) As the court explained, "an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code. Because such an agreement has as its 'object, . . . indirectly, to exempt [the employer] from responsibility for [its] own . . . violation of law,' it is against public policy and may not be enforced. (Civ. Code, § 1168.)" (*Iskanian*, at p. 383.)

Fifth, as the trial court found, the arbitration clause precluded respondent "from taking advantage of the relatively inexpensive remedy before the Labor Commissioner." Appellants observe that "[i]n *Sonic II*, our Supreme Court held that an otherwise valid arbitration agreement may not be deemed substantively unconscionable merely on the basis that it requires an employee to waive his right to a Berman hearing." (See *Sonic II*, *supra*, 57 Cal.4th at p. 1146.) However, as appellants also acknowledge, the *Sonic II* court further held that an arbitration agreement requiring waiver of the protections

---

[11] In light of our conclusion that the provision permitting recovery of actual monetary damages only is substantively unconscionable, we need not address respondent's related assertion "that rights that arise based on the application and interpretation of an alleged independent contractor agreement are distinct from statutory rights arising out of the California Labor Code," and therefore respondent's Labor Code claims are not encompassed by the arbitration clause. (Citing *Elijahjuan v. Superior Court* (2012) 210 Cal.App.4th 15, 17, 21 [finding that workers' claims seeking to enforce rights arising under Labor Code were outside scope of arbitration provision where provision applied "only to disputes regarding the 'application or interpretation' of the parties' contracts"].)

12

provided in a Berman hearing in favor of arbitration that "does not provide an employee with an accessible and affordable arbitral forum for resolving wage disputes may support a finding of unconscionability." (*Ibid*.)[12]

The arbitration clause in the present case would deprive respondent of the protections provided in the Berman hearing process, replacing those protections with costs and obstacles he would not otherwise face.[13] It would also significantly limit the

---

[12] In a previous decision in that case, *Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659 (*Sonic I*), our Supreme Court had "held as a categorical rule that it is contrary to public policy and unconscionable for an employer to require an employee, as a condition of employment, to waive the right to a Berman hearing." (*Sonic II*, *supra*, 57 Cal.4th at p. 1124.) The *Sonic I* court "did not invalidate the arbitration agreement at issue," but instead "held that if one of the parties is dissatisfied with the result of the Berman hearing, it [could] move to arbitrate the wage dispute consistent with the arbitration agreement, just as a dissatisfied party can obtain a trial in court without such an agreement." (*Sonic II*, at p. 1124.) The United States Supreme Court granted certiorari before vacating the judgment and remanding the case to the California Supreme Court for consideration in light of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 (*Concepcion*), in which "the high court clarified the limitations that the FAA imposes on a state's capacity to enforce its rules of unconscionability on parties to arbitration agreements." (*Sonic II*, at p. 1124.)

In light of *Concepcion*, *Sonic II* held "that the FAA preempts our state law rule categorically prohibiting waiver of a Berman hearing in a predispute arbitration agreement imposed on an employee as a condition of employment. [¶] At the same time, we conclude that state courts may continue to enforce unconscionability rules that do not 'interfere[] with fundamental attributes of arbitration.' [Citation.] Although a court may not refuse to enforce an arbitration agreement imposed on an employee as a condition of employment simply because it requires the employee to bypass a Berman hearing, such an agreement may be unconscionable if it is otherwise unreasonably one-sided in favor of the employer." (*Sonic II*, *supra*, 57 Cal.4th at pp. 1124–1125, quoting *Concepcion*, *supra*, 563 U.S. at p. 344.)

[13] The *Sonic II* court observed that the "Berman statutes [(§§ 98–98.8)] include various features designed to lower the costs and risks for employees in pursuing wage claims, including procedural informality, assistance of a translator, use of an expert adjudicator who is authorized to help the parties by questioning witnesses and explaining issues and terms, and provisions on fee shifting, mandatory undertaking, and assistance of the Labor Commissioner as counsel to help employees defend and enforce any award

13

remedies that would otherwise be available, as discussed above. Therefore, because the arbitration clause requires respondent to waive all of the protections and many of the remedies available at a Berman hearing, without providing him "with an accessible and affordable arbitral forum for resolving wage disputes," we conclude the trial court correctly found the clause substantively unconscionable on this ground as well. (*Sonic II*, *supra*, 57 Cal.4th at p. 1146.)

## II. *Severance*

Under Civil Code section 1670.5, subdivision (a), "[i]f the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." In determining whether to sever an unconscionable term, the court must consider the interests of justice. (*Armendariz*, *supra*, 24 Cal.4th at p. 124; *Wherry*, *supra*, 192 Cal.App.4th at p. 1242.) We review the trial court's refusal to sever the unconscionable terms for an abuse of discretion. (*Armendariz*, at p. 122.)

In this case, the court found that the arbitration clause was "permeated with unconscionability and thus severance of the unconscionable terms is not possible." Appellants contend the court abused its discretion when, instead of severing the unconscionable terms, it concluded the arbitration clause as a whole could not be enforced.

In *Armendariz*, the court identified three factors relevant to whether severance is appropriate. First, "[i]f the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced." (*Armendariz*, *supra*, 24 Cal.4th at p. 124.) Second, the fact that an "arbitration agreement contains more than one unlawful provision" may "indicate a systematic effort to impose arbitration on an employee . . . as

on appeal." (*Sonic II*, *supra*, 57 Cal.4th at p. 1146.) Arbitration under SCI's arbitration provision would provide none of these features.

14

an inferior forum that works to the employer's advantage" and may justify a conclusion "that the arbitration agreement is permeated by an unlawful purpose." (*Ibid.*, fn. omitted.) Third, if "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement," the court would have to "reform the contract, not through severance or restriction, but by augmenting it with additional terms," which would exceed its power to cure a contract's illegality. (*Id.* at p. 125.)

Here, we have found that, in addition to at least a moderate level of procedural unconscionability, the central purpose of the arbitration provision is to evade the statutory protections and limit the remedies available to respondent, as reflected in the numerous specific provisions that are substantively unconscionable. (See *Armendariz*, *supra*, 24 Cal.4th at p. 124.) "Such multiple defects indicate a systematic effort to impose arbitration" on respondent "as an inferior forum that works to [appellants'] advantage." (*Ibid.*) Thus, because there is no single provision that can be stricken to "remove the unconscionable taint from the agreement," the trial court did not abuse its discretion when it found the arbitration clause could not be enforced. (*Id.* at pp. 122, 124–125.)[14]

## DISPOSITION

The trial court's order denying appellants' petition to compel arbitration and stay proceedings is affirmed. Costs on appeal are awarded to respondent.

_____
Kline, P.J.

We concur:

---

[14] In light of this conclusion, we need not address the Labor Commissioner's argument that the provision in the Agreement stating that the entire contract is subject to New York law is also substantively unconscionable.

15

_____
Richman, J.


_____
Stewart, J.


*Subcontracting Concepts (CT), LLC, et al. v. De Melo; Depertment of Industrial Relations, Division of Labor Standards Enforcement* (A152205)

Trial Court:                                         San Francisco City and County Superior Court

Trial Judge:                                        Honorable Harold F. Kahn


Attorneys for Appellants:             Buchalter
Robert Scott Cooper

Marron Lawyers
Paul Marron
Paul B. Arenas

Attorneys for Respondent:           Breall & Breall
Joseph M. Breall

Attorneys for Intervener             Jimmy Macias
Theresa Bichsel