Filed 6/27/22  Ramirez v. Pacific Bay Masonry CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JUAN RAMIREZ,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PACIFIC BAY MASONRY, INC.,<br><br>        Defendant and Appellant. | A163316<br><br>(Alameda County Super. Ct. No. HG21093508) |

Plaintiff Juan Ramirez and his son Juan Naranjo filed a class action lawsuit alleging various wage-and-hour claims and violations of California's Unfair Competition Law against their former employer Pacific Bay Masonry, Inc. (Pacific Bay).  Pacific Bay moved to compel arbitration pursuant to the arbitration provision contained in the plaintiffs' employment agreements.  The trial court granted the motion as to Naranjo only.[1]  In denying the motion as to Ramirez, the trial court found that the arbitration provision contained "minimal" substantive unconscionability, but "significant" procedural unconscionability.

---

[1] Naranjo is thus not a party to this appeal.  (*Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1122 [order granting motion to compel arbitration is not an appealable order].)

1

In this appeal, Pacific Bay challenges the denial of its motion to compel arbitration as to Ramirez. Ramirez responds by abandoning the substantive unconscionability argument accepted by the trial court, and instead contending that the agreement was unconscionable because it (1) compels arbitration of administrative wage claims; (2) bars claims under the Labor Code Private Attorneys General Act of 2004 (§ 2698 et seq.) (PAGA); and (3) bars class claims. We reject these arguments and conclude that Ramirez failed to satisfy his burden to show the arbitration agreement was substantively unconscionable. We reverse on this basis and remand for further proceedings consistent with this opinion.

## BACKGROUND

Ramirez worked as a mason for Pacific Bay from 2017 to 2019. Naranjo also worked for Pacific Bay during the same time period as a hod carrier.

### A. *Arbitration Agreement*

At the start of their employment, Ramirez and Naranjo each signed an "Employment, Confidential Information, and Arbitration Agreement" (Agreement). Section 9 of the Agreement is entitled "**Arbitration and Equitable Relief**" and provides, in relevant part: "COMPANY AND I BOTH AGREE THAT ANY AND ALL DISPUTES, CLAIMS, OR CAUSES OF ACTION, IN LAW OR EQUITY, ARISING FROM OR RELATING TO THE ENFORCEMENT, BREACH, PERFORMANCE . . . OF THIS AGREEMENT, OUR EMPLOYMENT RELATIONSHIP, OR THE TERMINATION OF OUR EMPLOYMENT RELATIONSHIP SHALL BE RESOLVED, TO THE FULLEST EXTENT PERMITTED BY LAW, BY FINAL, BINDING AND CONFIDENTIAL ARBITRATION IN SANTA CLARA COUNTY, CALIFORNIA CONDUCTED BEFORE A SINGLE ARBITRATOR BY JAMS, INC. ('JAMS') OR ITS SUCCESSOR, UNDER THE

2

THEN APPLICABLE JAMS RULES." It continues: "BY AGREEING TO THIS ARBITRATION PROCEDURE, BOTH PARTIES WAIVE THE RIGHT TO RESOLVE ANY SUCH DISPUTE THROUGH A TRIAL BY JURY OR JUDGE OR BY ADMINISTRATIVE PROCEEDING."

The Agreement states that the arbitration provision applies to "THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS OF THE EMPLOYER/EMPLOYEE RELATIONSHIP TO THE GREATEST EXTENT PERMITTED BY LAW, INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING CLAIMS[.]" It then lists three categories of claims, including (1) claims for wrongful discharge of employment, breach of contract, breach of the covenant of good faith and fair dealing, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, and defamation; (2) claims for violation of any federal, state, or municipal statute; and (3) any and all claims arising out of any other laws and regulations relating to employment or employment discrimination.

### B. *Class Action Complaint*

Ramirez and Naranjo filed a class action lawsuit against Pacific Bay in March 2020. They asserted causes of action for (1) failure to pay all wages owed semi-monthly (Lab. Code, § 204); (2) failure to pay overtime compensation (*id*. §§ 510, 1194, 1198); (3) failure to reimburse all business expenses (*id*. § 2802); (4) failure to pay minimum wage (*id*. § 1194 et seq.); (5) failure to provide accurate itemized statements (*id*. § 226); (6) waiting time penalties (*id*. §§ 201–203); (7) failure to provide meal breaks (*id*. §§ 226.7 & 512); (8) failure to provide rest periods (*id*. §§ 226.7 & 512; Cal. Code Regs., tit. 8, § 11010); and (9) violations of California's Unfair Competition Law (UCL) (Bus. & Prof. Code, § 17200 et seq.).

## C. *Motion to Compel Arbitration*

Pacific Bay moved to compel the plaintiffs to arbitration and strike the class claims pursuant to the California Arbitration Act (Code Civ. Proc. § 1280 et seq.). It submitted a declaration from Kristine Auerbach, the secretary, treasurer, and human resources manager for Pacific Bay. The declaration attached copies of the Agreement signed by Ramirez and Naranjo. Auerbach had also signed both copies. As for the class claims, Pacific Bay argued that the "plain language" of the Agreement "does not provide for class arbitration" and "cannot be read as permitting their class claims to survive arbitration."

Plaintiffs opposed the motion to compel arbitration on the grounds that the Agreement was procedurally and substantively unconscionable. On procedural unconscionability, plaintiffs argued that the Agreement was oppressive because (1) it was a contract of adhesion, (2) they were not given adequate time to review the Agreement, (3) Ramirez did not read or speak English, and (4) it referenced JAMS rules without explanation or attachment. On substantive unconscionability, plaintiffs argued that the Agreement was one-sided and lacked mutuality because the three categories of claims listed in Section 9 of the Agreement "appear[] to emphasize its application to claims that employees bring to employers but not . . . claims employers bring to employees." Plaintiffs also argued that the purported class action waiver, as claimed by Pacific Bay, "only infringes on the employee's rights, and is yet another one-sided provision meant to tip the scales in defendant's favor."

Ramirez and Naranjo each submitted a declaration in opposition to the motion. Ramirez declared that his "main language" was Spanish. He had "an extremely limited understanding of English" and did not have "even the minimum ability to read or speak English." He requires an interpreter

4

"when communicating with English speakers regarding anything but the most basic communications" and "cannot read or write English with competence for myself." Ramirez declared that he was given several documents to sign at the beginning of his employment, but was not aware of their contents. He was not given any copies in Spanish, and no one discussed the content of the documents in English or Spanish. He was told to "sign them and return them immediately." He signed the documents because he "thought it was a condition of [his] employment." To his knowledge, he never received a copy of the JAMS rules.

Naranjo declared that he completed tenth grade of high school and began working at Pacific Bay when he was 19 years old. He declared that he was given documents to sign at the beginning of his employment in an office while Auerbach was present along with 10-15 other workers. The entire process took an hour to an hour and a half, where Auerbach spent a few minutes talking about each document. She explained details "about the 401(k) plan, health benefits, and jobsite details." To his knowledge, Auerbach never mentioned or explained the arbitration policy.

On reply, Pacific Bay submitted a supplemental declaration from Auerbach. Auerbach declared that she had an onboarding meeting on May 30, 2017 with 10 to 12 employees, including both Ramirez and Naranjo. She declared that she spent an hour going through each page of the employment documents, explaining them in both English and Spanish.

## D. *Trial Court's Ruling*

The trial court granted the motion as to Naranjo and denied the motion as to Ramirez. It first noted the general rule that all material evidence must be submitted on the motion with the opening brief and new evidence is not permitted on reply. While courts retain discretion to consider reply evidence

5

where it fills gaps in the original evidence, it determined that the supplemental Auerbach declaration did more than just fill in gaps; it was Pacific Bay's sole evidence regarding procedural unconscionability. The trial court thus concluded that it would consider the supplemental Auerbach declaration, but give "little weight to the new evidence that defendant presented in reply." It specified that this was "not a reflection on Ms. Auerbach personally." The trial court then determined it would decide whether the arbitration agreement was enforceable because there was "no 'clear and unmistakable' evidence that the parties intended to delegate the issue to the arbitrator."[2]

On procedural unconscionability, the trial court found "some procedural unconscionability regarding Naranjo and significant procedural unconscionability regarding Ramirez." The Agreement was a "take it or leave it agreement," indicating some procedural unconscionability. The trial court credited the plaintiffs' declarations in finding that (1) the Agreement was presented in a meeting where Pacific Bay did not go over or explain the arbitration provision; and (2) Pacific Bay knew that many employees were Spanish speakers, but presented the Agreement in English only and did not explain it in Spanish. It also found that the failure to provide the JAMS rules was a factor supporting procedural unconscionability.

On substantive unconscionability, the trial court stated: "The primary argument for substantive unconscionability is that employees are more likely to have claims against employers than the other way around. This is a weak basis for substantive unconscionability." It concluded, however, that there was "minimal" substantive unconscionability in the arbitration provision of the Agreement.

_____

[2] Pacific Bay does not challenge this determination on appeal.

6

Given there was only "some" procedural unconscionability regarding Naranjo and "minimal" substantive unconscionability, it granted Pacific Bay's motion to compel Naranjo to arbitration. Considering the "significant" procedural unconscionability regarding Ramirez and "minimal" substantive unconscionability, the trial court concluded that "it was unconscionable to present the arbitration agreement to Ramirez with the strong suspicion or knowledge that he did not understand English and did not understand that the contract would waive his access to the courts regarding employment related claims." It thus denied the motion as to Ramirez.[3]

This appeal followed.

## DISCUSSION

Pacific Bay argues on appeal that the trial court erred in finding the Agreement both procedurally and substantively unconscionable as to Ramirez. Before turning to the merits of these arguments, we set forth the general framework governing motions to compel arbitration and our review.

### I. General Framework

#### A. *Burdens on Motion to Compel Arbitration*

The party moving to compel arbitration bears the burden to prove the existence of an arbitration agreement by a preponderance of the evidence. (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413 (*Rosenthal*).) The moving party must first produce "prima facie evidence of a written agreement to arbitrate the controversy." (*Id.* at p. 413.) That initial prima facie burden may be met "by attaching to the [motion or] petition a copy of the arbitration agreement purporting to bear the [opposing party's]

---

[3] The trial court's order did not specifically address Pacific Bay's request to strike the class claims, presumably because it denied the motion to compel Ramirez to arbitration and directed his class claims to proceed in the court action.

7

signature." (*Bannister v. Marinidence Opco, LLC* (2021) 64 Cal.App.5th 541, 543–544.) If "the opposing party does not dispute the existence of the arbitration agreement, then nothing more is required for the moving party to meet its burden of persuasion." (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 165.)

The burden then shifts to the opposing party to prove a defense to enforcement of the arbitration agreement. (*Rosenthal, supra*, 14 Cal.4th at p. 413.) "The unconscionability defense has been recognized by the United States Supreme Court as a general contract defense in California, and therefore a defense to an agreement to arbitrate." (*Fisher v. MoneyGram International, Inc.* (2021) 66 Cal.App.5th 1084, 1093, citing *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 341–343; *De La Torre v. CashCall, Inc.* (2018) 5 Cal.5th 966, 978–979.) In other words, the party challenging the arbitration agreement bears the burden to prove its unconscionability. (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 126 (*OTO*).)

## B. *Standards of Review*

"There is no uniform standard of review for evaluating an order denying a motion to compel arbitration." (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.) "If the court's order is based on a decision of fact, then we adopt a substantial evidence standard." (*Id.* at p. 1425.) "Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed." (*Ibid.*) To the extent there are material facts in dispute, " 'we accept the trial court's resolution of disputed facts when supported by substantial evidence; we presume the court found every fact and drew every permissible inference necessary to support its judgment.' " (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630 (*Carlson*).) An "order denying a petition to compel

8

arbitration, like any other judgment or order of a lower court, is presumed to be correct, and all intendments and presumptions are indulged to support the order on matters as to which the record is silent." (*Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 88 (*Gutierrez*).) With this general framework in mind, we turn to the doctrine of unconscionability.

## II. Unconscionability

Unconscionability is commonly defined as " ' "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." ' " (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 910 (*Sanchez*).) The doctrine of unconscionability contains " ' "both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." ' " (*Id.* at p. 910.) " ' "The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." ' " (*Ibid.*) "But they need not be present in the same degree." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).) California courts employ a " 'sliding scale' " to determine unconscionability: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Ibid.*) We address each element in turn.

### A. *Procedural Unconscionability*

Procedural unconscionability "begins with an inquiry into whether the contract is one of adhesion." (*Armendariz, supra*, 24 Cal.4th at p. 113.) "An adhesive contract is standardized, generally on a preprinted form, and offered

9

by the party with superior bargaining power 'on a take-it-or-leave-it basis.' "
(*OTO, supra,* 8 Cal.5th at p. 126.)  Pacific Bay concedes that the Agreement
here is a contract of adhesion, "and thus contains *some* procedural
unconscionability."

"The pertinent question, then, is whether circumstances of the
contract's formation created such oppression or surprise that closer scrutiny
of its overall fairness is required."  (*OTO, supra,* 8 Cal.5th at p. 126.)
Oppression occurs " ' " 'where a contract involves lack of negotiation and
meaningful choice.' " ' "  (*Ibid.*)  Surprise involves the extent to which " 'the
allegedly unconscionable provision is hidden within a prolix printed form.' "
(*Ibid.*)

Here, Pacific Bay challenges the trial court's findings that the
particular circumstances of Ramirez's resulted in procedural
unconscionability based on (1) the presentation of the Agreement in English
without any explanation in Spanish; and (2) the failure to provide the JAMS
rules.

First, Pacific Bay argues that procedural unconscionability cannot arise
from its failure to explain the arbitration provision to Ramirez.  Pacific Bay
cites the general principle that " 'parties *dealing at arm's length'* " have no
duty to explain to each other the terms of a written contract. (*Brookwood v.
Bank of America* (1996) 45 Cal.App.4th 1667, 1674, italics added; see also
*Sanchez, supra,* 61 Cal.4th at p. 914 [seller was under no obligation to
highlight arbitration provision in contract to consumer].)  California courts,
however, have made clear that an arbitration provision in an employment
agreement is procedurally unconscionable when presented in English without
explanation to an employee who cannot read English.  (See, e.g., *Carmona v.
Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 85 (*Carmona*)

10

[concluding "there is no question the arbitration clause was procedurally unconscionable" where it was not translated into Spanish for employees who did not read English]; *Nunez v. Cycad Management LLC* (2022) 77 Cal.App.5th 276, 284 [failure to provide Spanish version of employment agreement to employee who did not read English "shows oppression and surprise amounting to procedural unconscionability"].)

Pacific Bay also claims there is insufficient evidence that it *knew* Ramirez could not read or speak English. We are not persuaded. In *Carmona*, the appellate court explained that the employer "evidently knew" the plaintiffs required Spanish translations because they provided the translation of a portion of the multi-page employment agreement. (*Carmona, supra*, 226 Cal.App.4th at p. 85.) Here, Auerbach declared that she went through the employment documents in both English and Spanish during the onboarding meeting attended by Ramirez. As we must presume the trial court drew every necessary inference and we indulge such inferences in its favor, we conclude there was sufficient evidence to support its finding that Pacific Bay had "strong suspicion or knowledge" that Ramirez did not understand English. (See *Carlson, supra*, 239 Cal.App.4th at p. 630; *Gutierrez, supra*, 114 Cal.App.4th at p. 88.)

Pacific Bay further argues there was insufficient evidence that Ramirez could not understand written or spoken English. Again, we are not persuaded. In *Subcontracting Concepts (CT), LLC v. De Melo* (2019) 34 Cal.App.5th 201 (*Subcontracting Concepts*), the plaintiff signed an employment agreement in English when his native language was Portuguese and he was "not fluent enough in English to fully understand documents written in English." (*Id.* at p. 206.) We concluded that the arbitration clause in the agreement contained "at least a moderate level of procedural

11

unconscionability." (*Id*. at p. 211.) Our reasoning in *Subcontracting Concepts* applies with even greater force here, as Ramirez declared that he did not have "even the minimum ability to read or speak English."

Second, Pacific Bay argues that the failure to provide the JAMS rules was not an appropriate factor to consider on procedural unconscionability here. We agree. In *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, the Supreme Court explained that such a factor "might have force if [the employee's] unconscionability challenge concerned some element of the [arbitration] rules of which she had been unaware when she signed the arbitration agreement." (*Id*. at p. 1246.) Like the employee in *Baltazar*, Ramirez's challenge to the enforcement of the Agreement here has nothing to do with the particular JAMS rules themselves. (*Ibid*.) Even discounting this factor, however, we nonetheless conclude there was sufficient evidence to support the trial court's finding of procedural unconscionability based on Pacific Bay's presentation of the Agreement—a contract of adhesion—in English without any explanation in Spanish.

Finally, Pacific Bay challenges the finding on procedural unconscionability by arguing that the trial court abused its discretion by (1) affording little weight to the supplemental Auerbach declaration; and (2) declining to hold an evidentiary hearing to resolve the conflicting evidence in the Ramirez and supplemental Auerbach declarations.

We see some merit in these contentions. As described above, the party opposing a motion to compel arbitration bears the burden of proving a defense to enforcement of the arbitration agreement. (*Rosenthal, supra,* 14 Cal.4th 394 at p. 413.) Ramirez attempted to satisfy that burden by arguing in his opposition that the Agreement was unconscionable. As Pacific Bay suggests, it seems untenable to require the movant to forecast every

12

possible defense in its opening motion; the better approach may be to afford plaintiffs an opportunity to respond to any new reply evidence. (See *Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 241 [if inclusion of additional evidentiary evidence with reply is permitted, the other party should be given the opportunity to respond].) And where, as here, "the enforceability of an arbitration clause may depend upon which of two sharply conflicting factual accounts is to be believed, the better course would normally be for the trial court to hear oral testimony and allow the parties the opportunity for cross-examination." (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 98.) On the other hand, we are mindful that the trial court is vested with the discretion to consider new reply evidence and we may reverse "only for a clear abuse of that discretion." (*Carbajal, supra*, 245 Cal.App.4th at p. 241.) "There is simply no authority for the proposition that a trial court necessarily abuses its discretion, in a motion proceeding, by resolving evidentiary conflicts without hearing live testimony." (*Ashburn, supra*, 234 Cal.App.4th at p. 96.)

We need not resolve these issues on procedural unconscionability, however, because our conclusion on substantive unconscionability is dispositive here. As explained below, Ramirez failed to satisfy his burden to show any substantive unconscionability in the Agreement.

## B. *Substantive Unconscionability*

Substantive unconscionability arises when a contract imposes unduly harsh or one-sided results. (*Armendariz, supra*, 24 Cal.4th at p. 114.) As the California Supreme Court explained in *Sanchez*: "Not all one-sided contract provisions are unconscionable; hence the various intensifiers in our formulations: '*overly* harsh,' '*unduly* oppressive,' '*unreasonably* favorable.' " (*Sanchez, supra*, 61 Cal.4th at p. 910.) "In assessing substantive

13

unconscionability, the paramount consideration is mutuality." (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 664.) Beyond mutuality, "courts often look to whether the agreement meets a minimum level of fairness based on the factors set forth in *Armendariz*." (*Davis v. Kozak* (2020) 53 Cal.App.5th 897, 910.) These factors include whether the arbitration agreement: " '(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.' " (*Armendariz*, at p. 102.)

In this appeal, Ramirez completely abandons the substantive unconscionability argument accepted by the trial court: that the arbitration provision covers claims which are "most realistically brought by employees against their employers." Ramirez proffered *no* evidence to support this argument, and the case he cited in support, *Ingle v. Circuit City Stores, Inc.* (2003) 328 F.3d 1165, is easily distinguishable. *Ingle* held that an arbitration agreement limited to " 'any and all employment-related legal disputes, controversies or claims of an Associate' " was substantively unconscionable. (*Id.* at p. 1173.) Unlike *Ingle*, the arbitration provision here was clear that Ramirez *and* Pacific Bay "BOTH AGREE" that disputes "ARISING FROM OR RELATING TO THE ENFORCEMENT, BREACH, PERFORMANCE . . . OF THIS AGREEMENT, OUR EMPLOYMENT RELATIONSHIP, OR THE TERMINATION OF OUR EMPLOYMENT RELATIONSHIP" were subject to arbitration, whether such disputes were made by or against the employee or employer. The Agreement was signed by Ramirez as well as Auerbach, on behalf of the company. The three categories of claims described

14

in the arbitration provision were merely *examples* of arbitrable claims, and the inclusion of these examples does not show a lack of mutuality. (See *Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 247 [concluding delegation clause is not substantively unconscionable because employee and employer "bound by it equally"].) To the extent that the trial court's finding was based on the general assertion that "employees are more likely to have claims against employers than the other way around," there was no evidence proffered by Ramirez to support this, and courts have rejected similar assertions as tantamount to concluding that all employment arbitration agreements are "categorically unenforceable." (*Id.* at p. 249.)

Having abandoned this argument, Ramirez raises three alternative arguments that the Agreement was substantively unconscionable because it: (1) compels arbitration of administrative wage claims; (2) bars PAGA claims; and (3) bars class claims. As a preliminary matter, we note that Ramirez peripherally raised the class claim argument in his opposition to the underlying motion, but the other arguments were raised for the first time on appeal. While we could disregard these new arguments as waived, they raise legal questions determinable from uncontroverted facts and we thus exercise our discretion to consider them. (*Farrar v. Direct Commerce, Inc.* (2017) 9 Cal.App.5th 1257, 1275 [addressing new argument on enforceability of arbitration provision].)

First, Ramirez argues that the Agreement is substantively unconscionable because it compels arbitration of administrative wage claims and other "employee remedies." We agree with Ramirez's initial proposition that he need not have actually filed an administrative wage claim to assert this defense. (*Subcontracting Concepts*, *supra*, 34 Cal.App.5th at p. 212

15

[rejecting argument that plaintiffs had not pursued administrative claims].) We are, however, unpersuaded by the merits of the argument.

In *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1146, the California Supreme Court concluded that arbitration agreements cannot be deemed categorically unconscionable because they involve waiver of an administrative proceeding. (*Id.* at p. 1146.) In *OTO*, the court then explained that an agreement compelling the arbitration of wage disputes could be enforceable so long as it provides an "accessible and affordable" process for resolving those disputes. (*OTO, supra*, 8 Cal.5th at p. 124.) In other words, the arbitration agreement will not be considered unconscionable where the arbitration procedure is "relatively 'low-cost' " and "provides a forum for wage claimants 'to pursue their claims effectively.' " (*Ibid.*) *OTO* determined that the arbitration provision at issue was sufficiently one-sided as to render it unenforceable. (*Id.* at pp. 136–137.) Among other things, the provision did not explicitly address the allocation of arbitration costs, but instead, referred to Code of Civil Procedure section 1284.2, which generally provides that parties to an arbitration must bear their own expenses. (*Id.* at p. 119.)

We addressed this same issue in *Subcontracting Concepts*. In that case, the arbitration provision in the employment agreement required the employee to bear his own costs for arbitration, barred him from recovering any attorney fees or other costs, and limited the arbitrator's authority to an award of monetary damages only. (*Subcontracting Concepts, supra*, 34 Cal.App.5th at p. 212.) We concluded that the arbitration provision was substantively unconscionable because it replaced the administrative claim process protections with "costs and obstacles he would not otherwise face"

16

and significantly limit[ed] the remedies that would otherwise be available." (*Id* at p. 214.)

Here, unlike *OTO* and *Subcontracting Concepts*, the Agreement explicitly provides that the "COMPANY SHALL PAY ALL OF JAMS' ARBITRATION FEES." Moreover, unlike *Subcontracting Concepts*, there is no language prohibiting Ramirez from recovering attorney fees or other costs. There is nothing to suggest that Ramirez would be limited from obtaining a remedy otherwise available in the administrative claim process. The Agreement authorizes the arbitrator to "AWARD SUCH RELIEF AS WOULD OTHERWISE BE PERMITTED BY LAW" and does not prevent either party "FROM OBTAINING INJUNCTIVE RELIEF IN COURT IF NECESSARY TO PREVENT IRREPARABLE HARM PENDING THE CONCLUSION OF ANY ARBITRATION." The other *Armendariz* factors weigh in favor of enforceability: the Agreement provides for a neutral JAMS arbitrator, authorizes the arbitrator to compel adequate discovery for resolution of the dispute, and requires the arbitrator to issue a written decision. (*Armendariz, supra*, 24 Cal.4th at p. 102.) For these reasons, we conclude that the waiver of administrative proceeding did not render the Agreement substantively unconscionable.

Second, Ramirez contends that the Agreement is substantively unconscionable because it bars PAGA claims. Again, we agree with Ramirez's initial propositions that (1) he need not have actually asserted a PAGA claim to raise this defense; and (2) a wholesale waiver of PAGA claims is not enforceable. (*Subcontracting Concepts, supra*, 34 Cal.App.5th at p. 212 [reviewing the arbitration clause for substantive unconscionability at the time the agreement was made]; *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 383 [employee agreement that waives right to

17

bring PAGA action is "against public policy and may not be enforced"]; *Viking River Cruises, Inc. v. Moriana* (June 15, 2022, No. 20-1573) __ S.Ct. __ [2022 U.S. LEXIS 2940 at *33] [prohibition on wholesale waivers of PAGA claims under *Iskanian* is not preempted by FAA].) Here, however, Ramirez does not offer any evidence that the Agreement actually bars PAGA claims. There is no provision that explicitly prohibits PAGA claims. (Cf. *Subcontracting Concepts*, at p. 205 [employment agreement prohibited arbitration of any claim made " ' "in a private attorney general capacity" ' "]; *Davis v. TWC Dealer Group, Inc.* (2019) 41 Cal.App.5th 662, 675 [broad language excluding "class, collective or joint action or arbitration" could be read to preclude PAGA actions].) On the contrary, the Agreement requires arbitration of disputes "TO THE FULLEST EXTENT PERMITTED BY LAW[.]" As explained in *Torrecillas v. Fitness International, LLC* (2020) 52 Cal.App.5th 485, this language "steers clear" of any potential conflict with Ramirez's right to bring a PAGA action and does not demonstrate unconscionability. (*Torrecillas*, at p. 500.)

Third, Ramirez argues that the Agreement is substantively unconscionable because it bars class claims. He contends that "Pacific Bay wrote [the Agreement], and is attempting to use it, to evade Ramirez's colorable class claims (and those of other employees)." Ramirez cites no evidence, relying instead on Pacific Bay's argument in its underlying motion to strike the plaintiffs' class allegations: that the "plain language" of the Agreement does not explicitly provide for class arbitration. We reject the parties' joint assumption that the Agreement prohibits class claims; some language evidencing an intent to waive class claims is clearly required, and there is no such language in the Agreement. (Cf. *Laster v. T-Mobile USA, Inc.* (S.D.Cal. 2005) 407 F.Supp.2d 1181, 1185 [customer agreement provided

18

that parties could only bring claims "IN YOUR OR ITS INDIVIDUAL CAPACITY, and not as a plaintiff or class member in any purported class or representative proceeding"]; *Muro v. Cornerstone Staffing Solutions, Inc.* (2018) 20 Cal.App.5th 784, 790 [employment agreement explicitly waived " 'the right to initiate or proceed on a class action basis or participate in a class action in the arbitration' "].)[4]  We cannot conclude that the Agreement is substantively unconscionable on this basis.

In sum, we conclude that Ramirez failed to satisfy his burden to show the Agreement was substantively unconscionable.  As this element must be satisfied to some degree to establish unconscionability as a defense to enforcement of the arbitration agreement (*Armendariz, supra*, 24 Cal.4th at p. 114), we thus conclude the trial court erred in denying the motion to compel Ramirez to arbitration.

## DISPOSITION

The July 20, 2021 order denying Pacific Bay's motion to compel arbitration as to Ramirez's individual claims is reversed.  We remand for further proceedings consistent with this opinion, including the resolution of Pacific Bay's request to strike the class claims.  Costs on appeal are awarded to Pacific Bay.

---

[4] Based on our conclusion that the Agreement does not contain a class action waiver, we do not reach the argument in Pacific Bay's Reply Brief that such a waiver is not substantively unconscionable.

_____

Mayfield, J.*

We concur:

_____

Richman, Acting P.J.

_____

Miller, J.

*Ramirez v. Pacific Bay Masonry, Inc.* (A163316)

\* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.